IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAN R. CORNELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No: 1:06-cv-01924-GK |
| ) | |
| RUSSELL D. KELLNER, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

DEFENDANTS move under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint. As grounds for this motion, defendants submit that the Court lacks jurisdiction over the defendants and over plaintiff's claims for damages and punitive damages. A memorandum of points and authorities in support of this motion and a proposed order are also submitted.

DATE: March 2, 2007.                    Respectfully submitted,

                                                      /s/ Pat S. Genis
                                                    PAT S. GENIS, #446244
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    Post Office Box 227
                                                    Washington, DC  20044
                                                    Tel./FAX:  (202) 307-6390/614-6866
                                                    Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2270251.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAN R. CORNELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-01924-GK |
| | ) | |
| RUSSELL D. KELLNER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiff alleges that the two named Internal Revenue Service employees and "4 or 5 unknown John Does" (compl. ¶¶ 8-10) issued levies and seized money from his bank and insurance accounts and seized his car. Plaintiff seeks actual damages of $43,621 and punitive damages of $200,000.1/

---

1/ Plaintiff claims that this Court has jurisdiction under the Constitution, the Bill of Rights, the Foreign Sovereign Immunities Act (compl. at p.2), 28 U.S.C. §§ 1331 and 1332 (federal question and diversity of citizenship) (compl. at p.1), 28 U.S.C. §§ 1603 and 1605 (jurisdictional immunities of foreign states) (compl. at pp.2-3). These statutes do not provide this Court with jurisdiction. Sections 1331 and 1332 do not apply here. *See, e.g., Holt v. Davidson*, 441 F.Supp.2d 92, 96-97 (D.D.C. 2006). Plaintiff's recitation of statutes pertaining to foreign entities is patently frivolous, and requires no further discussion. And, plaintiff has no cause of action on constitutional grounds. A government official may be sued in his/her individual capacity for violation of an individual's constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). But such officials are entitled to immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions.") Here, plaintiff alleges that the named defendants and several "John Does" issued notices of levy, levied on his bank and insurance accounts, and seized his car. These acts were not proscribed by law. They were authorized by the Internal Revenue Code. *See* 26 U.S.C. §§ 6335-6339. In addition, plaintiff cannot

QUESTIONS PRESENTED

    1. Plaintiff alleges that the individually-named Internal Revenue Service employees took certain actions in their official capacities while collecting federal taxes. A suit against federal employees in their official capacities is a suit against the United States. Should the Court dismiss the individual defendants and substitute the United States as the proper party defendant?

    2. Plaintiff, himself, attempted to serve the United States by UPS and regular mail. Service on the United States must be by a non-party and by registered or certified mail. Does this Court lack jurisdiction over the United States under these circumstances?

    3. The individually-named parties reside in Arizona, and are beyond the territorial limits of this Court. Does this Court lack personal jurisdiction over the named defendants?

    4. Plaintiff seeks a tax refund and damages for the alleged wrongful levy of his bank and insurance accounts and the seizure of his car. Plaintiff has not alleged that he filed an administrative claim for refund or damages. Should the Court dismiss the claim for lack of jurisdiction or failure to state a claim?

---

maintain a *Bivens*-type cause of action where, as here, the action pertains to the assessment and/or collection of federal taxes. *See, e.g., Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 408-413 (4th Cir. 2003) (declining to extend *Bivens* to tax audit). Therefore, plaintiff's constitutional claims must fail.

5. Plaintiff seeks $200,000 in punitive damages. The United States has not waived its sovereign immunity to permit punitive damages. Does this Court lack jurisdiction over plaintiff's claim for punitive damages?

## STATEMENT

1. <u>Introduction & Background</u>. Plaintiff, Dan R. Cornell, filed this complaint on November 7, 2006. Summonses were issued on November 7, 2006. Plaintiff filed returns of service for Gerald W. Carter and Russell D. Kellner indicating they were each served at their homes in Arizona. (Docket nos. 2 & 3.) Plaintiff did not file a return of service for the Attorney General or the United States Attorney for the District of Columbia, but plaintiff attempted to serve the Attorney General by first-class mail and the United States Attorney by UPS second-day airmail.

2. <u>Allegations and relief sought in the complaint</u>. Plaintiff alleges that defendants Russell D. Kellner (aka Russell Nelson) and Gerald W. Carter (aka Jerry Carter) (compl. ¶ 4) and "4 or 5 unknown John Does" (compl. ¶¶ 8-10) are employees of the Department of Agriculture2/ (compl. ¶ 8) who have sent him a series of letters "inviting him to volunteer payment of Federal Taxes." (Compl. ¶¶ 10 & 11.) Plaintiff states that Keller issued "irregular" levies against him and seized from his Wells Fargo Bank, N.A. account $5,368.51 and $1,273.13 on December 12, 2005 and January 11, 2006, respectively. (Compl. ¶¶ 20 & 23.) He alleges that Kellner also seized by levy

---

2/ Kellner and Carter are both Internal Revenue Service employees, but plaintiff inexplicably refer to them as employees of the U.S. Agriculture Department.

$25,792.55 from Western Reserve Life Assurance.  (Compl. ¶ 26.)  Plaintiff further alleges that Kellner and Carter seized his 2001 Honda Accord and demanded a "ransom" of $6,713.14 before Kellner returned the car keys.  (Compl. ¶ 29.)  Plaintiff seeks damages of $43,621 for these "unlawful taking" and $200,000 in punitive damages.3/  (Compl. at 15, ¶¶ a & b.)

## ARGUMENT

### I

#### THE UNITED STATES IS THE PROPER PARTY

The United States is the proper party in this action because the individual defendants were acting in their official capacities.  A suit against Internal Revenue Service employees in their official capacities or relating to official tax assessment and collection duties, is essentially a suit against the United States; thus, the United States is the proper party-defendant in this case.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Zinda v. Johnson*, 463 F.Supp.2d 45, 48 (D.D.C. 2006).   In this case, plaintiffs allege that defendants Kellner, Carter and "John Does" wrote letters to him "inviting him to volunteer payment of Federal taxes" (compl. ¶ 11); sent him several notices of levy (compl. ¶ 13); and levied against his bank accounts (compl. ¶¶ 13, 20, 26) and insurance account (compl. ¶¶ 13, 25); and seized his car (compl. ¶ 29.)  These were acts within the official capacities and duties of these defendants, were all acts related to official tax

---

3/ It is unclear why plaintiff is seeking $43,631 in damages, as his stated damages total $39,147.33.

collection duties, and all the relief sought is against the United States. Because the individual defendants were acting in their official capacities while collecting federal taxes, plaintiff's complaint is really an action against the United States. Therefore, this Court should dismiss the individual defendants and substitute the United States as the proper party defendant.

## II.

### THIS COURT LACKS JURISDICTION OVER THE UNITED STATES BECAUSE PLAINTIFF FAILED TO PROPERLY SERVE THE UNITED STATES

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. *See, e.g., Otto v. United* States, 2006 WL 2270399, *2 (D.D.C. 2006) (Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service") (citing *Bernard v. IRS*, 1991 WL 327960, *3 (N.D. Fl. 1991); *Herman v. Comm'r of Internal Revenue Service*, 1990 WL 10023593, *1 (C.D. Cal. 1990); *Perkel v. United States*, 2001 WL 8964, *1 (N.D. Cal. 2001)).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or

certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Under rule 4(i), "an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States . . . is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).  Fed.R.Civ.P. 4(i)(B).  Rule 4(e), as pertinent here, provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ."  Fed.R.Civ.P. 4(e)(2).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant

challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff has not filed a return of service for the United States Attorney General or the United States Attorney for the District of Columbia. But plaintiff himself sent the summons and complaint to the Attorney General by first-class mail and to the United States Attorney for the District of Columbia by UPS second-day airmail. Dan R. Cornell is, of course, a party to this action, and thus cannot properly serve the summonses. In addition, service is ineffective because it was not served by registered or certified mail as required. Accordingly, since plaintiff failed to properly serve the United States, his complaint must be dismissed.4/

III.

THIS COURT LACKS JURISDICTION OVER THE INDIVIDUAL DEFENDANTS BECAUSE THEY ARE BEYOND THE TERRITORIAL LIMITS OF THIS COURT

The named defendants, Kellner and Carter reside in Arizona. (Compl. at 1.) To the extent plaintiff may be attempting to obtain personal jurisdiction over them in their personal capacities, he has failed to do so.

---

4/ Plaintiff's returns of service for the individual defendants indicate that a non-party process server personally served Kellner, and served Carter by leaving the documents with his wife. (Docket nos. 2 & 3.) But, as noted above, to effect proper service on the Internal Revenue Service employees, plaintiff was required to effect proper service on the United States as well.

2270251.1                                7

Service of a summons is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction of the state in which the action is filed.  *See* Fed.R.Civ.P. 4(k)(1)(A).  The court of general jurisdiction in the District of Columbia is the Superior Court of the District of Columbia.  DC CODE § 11-921(a); *see, e.g., Feaster v. Vance*, 832 A.2d 1277, 1283 (D.C. 2003).  Under District of Columbia law, personal jurisdiction can be satisfied either by demonstrating that the Court has general jurisdiction under D.C. Code § 13-422, or that the Court has personal jurisdiction under the District of Columbia's long-arm statute, D.C. Code § 13-423.; *see, e.g., Islamic American Relief Agency v. Unidentified FBI Agents*, 394 F.Supp.2d 34, 56 (D.D.C. 2005).  Under the long-arm statute, the Court can exercise jurisdiction over a person as to a claim arising from that person's transacting business, contracting to supply services, or causing tortious injury in the District of Columbia.  *Gaslus, L.L.C. v. United States Dep't of the Interior,* 466 F.Supp.2d 43, 46 (D.D.C. 2006).  Plaintiff has the burden to show that the defendants "purposefully established minimum contacts with the District of Columbia."  *Gaslus, L.L.C. v. United States Dep't of the Interior,* 466 F.Supp.2d 43, 46 (D.D.C. 2006).  The Court cannot assert personal jurisdiction over a person based solely upon his acts as an employee or in his official capacity.  *Islamic American Relief Agency*, 394 F.Supp.2d at 58 (citing cases).

Defendants Kellner and Carter are not alleged to have transacted any business in the District of Columbia; nor to have contracted to supply goods; nor to have caused tortious injury to plaintiff in or outside the District of Columbia.  Plaintiff's allegations

all pertain to the defendants' acts in their official capacities as employees of the Internal Revenue Service. Consequently, defendants Kellner and Carter are not subject to the provisions of the District of Columbia's long-arm statute. Service of the summons and complaint upon them in Arizona is ineffective against Kellner and Carter in their *personal* capacities. The complaint, therefore, should be dismissed for insufficiency of service of process.

IV.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

A. *This Court Lacks Subject-matter Jurisdiction over Plaintiff's Refund Claims.*

This Court does not have jurisdiction over plaintiff's claim for a tax refund. Plaintiff does not allege that he has either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiff has the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or

2270251.1                                           9

illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a).  Since plaintiff has not even alleged that he filed a claim for refund, this Court lacks jurisdiction.  *Dalm*, 494 U.S. at 601-602.  Likewise, plaintiff has not alleged that he fully paid his tax liabilities, a failure that is fatal to a suit for refund.  *See Flora*, 362 U.S. at 177.

Because plaintiff has not alleged that he filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over his claim for a refund.

> B. *This Court Lacks Jurisdiction over Plaintiff's Damages Claim*

To the extent that plaintiff's demand for "$43,621 for the unlawful taking without just compensation" is construed to be a claim for damages under 26 U.S.C. § 7433 (compl. at 15, ¶ a), this Court does not have jurisdiction because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service.

"The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added).  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the

Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Therefore, plaintiff has not met his burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.5/

V.

THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

"It is axiomatic that the government cannot be sued without its consent." *Speelman v. United States*, 461 F.Supp.2d 71, 75 (D.D.C. 2006). "Absent waiver, the doctrine of sovereign immunity shields the federal government from suit." *Tri-State Hospital Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003). Plaintiff seeks $200,000 in punitive damages from defendants. (Compl. at p. 15, ¶ b.) Because the proper defendant is the United States, plaintiff is seeking punitive damages from the

---

5/    The United States is aware that there is a split of opinion in this Court about whether the failure to exhaust administrative remedies requires dismissal for lack of jurisdiction, *see e.g., McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1991); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992), or for failure to state a claim, *see e.g., Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), *Lindsey v. United States*, 448 F.Supp.2d 37, 57-58 (D.D.C. 2006). The United States continues to assert that the exhaustion of administrative remedies is a prerequisite to the United States' waiver of sovereign immunity. But, if this Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's action for damages for failure to state a claim for which relief can be given, as set forth in *Turner*.

federal government. As discussed above, plaintiff's sole remedies for the allegations in his complaint are a refund suit under 26 U.S.C. § 7422 or a suit for damages for unlawful collection acts under 26 U.S.C. § 7433. Neither statute provides a remedy for punitive damages, but only for a tax refund and for compensatory damages up to a specified amount. *See Speelman*, 461 F.Supp.2d at 75; *Fu v. United States*, 2006 WL 3780814, *3 (D.D.C. 2006) (citing *First Virginia Bank v. Randolph,* 110 F.3d 75, 78 (D.C. Cir. 1997)). Without a waiver of sovereign immunity, the Court lacks subject-matter jurisdiction to hear plaintiff's claim for punitive damages against the United States. *Id.* Accordingly, the Court should dismiss plaintiff's claim for punitive damages.

## CONCLUSION

This Court lacks jurisdiction over the United States and the named defendants because plaintiff failed to properly serve the United States and the defendants are beyond the territorial limits of the Court's jurisdiction. The Court lacks jurisdiction over plaintiff's claims for a tax refund and damages because he has failed to assert that he exhausted his administrative remedies. And, the Court lacks jurisdiction over

plaintiff's claim for punitive damages because the United States has not waived its sovereign immunity to allow for such relief. Therefore, the Court should dismiss plaintiff's complaint.6/

DATE: March 2, 2007.   Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

---

6/ In addition, since the plaintiff and the named defendants reside in Arizona, and all the acts complained of occurred in Arizona, the proper venue for this case is Arizona.

2270251.1                                               14

CERTIFICATE OF SERVICE

IT IS CERTIFIED that defendants' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiff *pro se* on March 2, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Dan R. Cornell
>*Plaintiff pro se*
>5330 West Tonto Road
>Glendale, AZ 85308

>/s/ Pat S. Genis
>PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAN R. CORNELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-01924-GK |
| ) | |
| RUSSELL D. KELLNER, et al. ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

Having considered defendants' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that defendants' motion to dismiss be and is GRANTED;

ORDERED that plaintiff's complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

2278019.1

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Dan R. Cornell
*Plaintiff pro se*
5330 West Tonto Road
Glendale, AZ 85308

2278019.1