# District Court of the United States
## For the District of Columbia

### Civil Case Number 1:06-CV-01924-GK

---

## Plaintiff's Response to Defendant's Motion to Dismiss Complaint

---

**Dan R. Cornell,**
**Plaintiff**

**VS.**

**RUSSELL D. KELLNER et al**
**Defendants**
**In Concert with**
**4 or 5 John Does**

**RECEIVED**

APR 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

COMES NOW, Dan R. Cornell in answer to Defendants' Motion to dismiss, and would inform the court of the following:

Plaintiff brings his suit against two agents, who, acting in their official capacities, went outside the confines of their official capacities and exceeded their authority under the controlling statutes of their agency, namely, the IRS. The Internal Revenue Restructuring and Reform Act of 1998 made specific allowances for IRS employees, agents or officers to be held liable for acts which they committed outside the authority of their office. Plaintiff alleges Defendants committed such violations.

Plaintiff did not bring suit against the UNITED STATES, as he is not certain as to the standing of the UNITED STATES to act in lieu of or instead of agents who have exceeded their authority. Plaintiff would not so dishonor the UNITED STATES by charging it with violations of statutes or committing acts to which it was not a party. It is Plaintiff's allegation that Kellner

and Carter acted on their own initiative, irregardless of the many statutes and procedures to which they were held accountable and which regulate and limit their authority.

Plaintiff did not sue the UNITED STATES and gave notice to the Attorney General only because the clerk of the District Court instructed him to do so.

Plaintiff does not question the authority of the Congress of the United States to lay and collect taxes, nor does he protest the payment of any legitimate tax which has been laid and is being collected in Congress's name and under its authority.

## BACKGROUND

In 1998 when the IRS R & R Act was passed, it was understood that in an effort to make agents, officers and employees more accountable to the general public, namely, taxpayers, and in an effort to discourage any abuse which those agents, officers or employees might employ in the furtherance of their employment, complaint forms, titled Section 1203 forms were to be widely distributed and readily available at any facility frequented by taxpayers. To the best of Plaintiff's knowledge this never happened. Plaintiff exhausted the administrative remedy allegedly available to him when he was unable to locate or file the Section 1203 complaint.

It is a misstatement to say that Plaintiff seeks a tax refund and damages for the alleged wrongful levy of his bank and insurance accounts and the seizure of his car. Plaintiff is not questioning the collection of a federal tax, nor is he questioning the lawful authority of a government operating under the limitations of the Constitution of the United States to collect such taxes, rather he is alleging that agents who, as Attorney Genis points out, are federal employees, acted outside the scope of their authority, thus damaging Plaintiff.

## FACTS

As enumerated on page 3, paragraph 3 of Defendant's Memorandum in Support of

Motion to Dismiss, Plaintiff alleges that Defendants are employees of the Department of Agriculture. Plaintiff relies upon Title 26 for all his assumptions or allegations in this brief. Plaintiff has knowledge and evidence that "IRS" employees are paid with checks issued by the Department of Agriculture. Their W-2s at the end of the year reflect this, as well. 26 U.S.C. § 3505 states:

> (a) **Direct payment by third parties**
> For purposes of sections 3102, 3202, 3402, and 3403, if a lender, surety, or other person, who is not an employer under such sections with respect to an employee or group of employees, pays wages directly to such an employee or group of employees, employed by one or more employers, or to an agent on behalf of such employee or employees, such lender, surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) required to be deducted and withheld from such wages by such employer.

Plaintiff has knowledge that the Department of Agriculture pays wages directly to Defendants and stated that fact in his complaint, merely to be technically correct as to the employment of Defendants.

Whether the Defendants work directly for the Department of Agriculture or the Internal Revenue Service, Plaintiff alleges that Defendants had no authority to collect federal taxes by filing in public record an uncertified, fraudulent Notice of Federal Tax Lien, levying Plaintiff's bank account, levying his insurance policies or seizing his personal automobile. Both Kellner and Carter admit that they are "Revenue Officers". Revenue officers are prescribed with certain duties and responsibilities and when their actions are taken outside the scope of their authority, they are personally liable to the party whom they damage.

## FILING OF NOTICE OF LIEN

Defendant Kellner aka Nelson , in conspiracy with Carter, filed or caused to be filed into the County Recorder records of Maricopa County a Notice of Federal Tax Lien. See Attachment

1, attached hereto and incorporated herein. Beyond the undisputed fact that there was no Federal Tax Lien, thereby making it a fraud to file a Notice of Federal Tax Lien, Defendants do not have authority to sign or file the Notice.

The filing of a federal tax lien, or notice of a federal tax lien is subject to the Uniform Federal Lien Registration Act, Title 33, Article 8 of the Arizona Revised Statutes:

33-1033. <u>Execution of notices and certificates</u>

Certification of notices of liens, certificates or other notices affecting federal liens by the secretary of the treasury of the United States or his delegate, or by any official or entity of the United States responsible for filing or certifying notice of any other lien, entitles them to be filed or recorded and no other attestation, certification or acknowledgement is necessary.

Kellner and Carter are mere employees, or Revenue agents and are not the delegates or officials of the secretary of the treasury of the United States responsible for filing or certifying a notice of lien. Defendants have assumed a power and authority to which they are not entitled, in violation of their authority.

## NOTICE OF FEDERAL TAX LIEN

The filing of a notice of statutory tax lien, as found in the Internal Revenue Manual:

## 5.17.2.2  (10-31-2000)
## The General Tax Lien

1. The law generally defines a lien as a charge or encumbrance that one person has on the property of another as security for a debt or obligation. Essentially, this concept can be reduced to a simple metaphor — i.e., a special "sticker" similar to what a moving company puts on the furniture, boxes, and other contents of a house when it takes the owner's property from one place to another. The lien (or "sticker" ) does not change the ownership or other qualities of the property to which it is affixed; it merely identifies the property as having some kind of claim against it.
2. Liens may be divided into three general categories: common-law liens, consensual liens, and statutory liens. This section deals with the statutory liens provided for by the Internal

Revenue Code of 1986. The principal lien considered in this section is the "general" tax lien, sometimes referred to as the assessment lien. The general tax lien is provided for by IRC 6321 and is a very broad lien; it generally encompasses the Service's right to use any property of the taxpayer as security for a tax debt.

## 5.17.2.2.1 (10-31-2000)
## When and How the Tax Lien Arises

1. The federal tax lien arises when any "person" liable to pay any federal tax fails to pay the tax after a demand by the Government for payment. IRC 6321. For federal tax law purposes, a "person" is defined to include individuals, trusts, estates, partnerships, associations, companies or corporations. The lien is effective from the date the Government assesses the tax, even though the notice and demand for payment ordinarily gives the taxpayer an additional 10 days after assessment to pay the tax. Thus, if the taxpayer neglects or refuses to pay the assessed tax, then the lien is deemed to relate back to the assessment date. I.R.C. 6322. The general tax lien created by the assessment is perfected and choate as of the date of the assessment. United States v. Fidelity Philadelphia Trust Company, 459 F. 2d 771 (3rd Cir. 1972).

IRC § 6321. Lien for taxes

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

For the purposes of supposition, waiving the fact that a statutory lien arises after a suit brought for payment, culminating in a judgment by a court of competent jurisdiction, thus giving rise to a lien, which is not the case in this instance, and further waiving the requirement that the Notice of Federal Tax lien must have certification of some kind, what did Defendants state when filing the notice?

1. Kind of tax. Defendants attest the type of tax is 1040. No such tax exists in Title 26, nor can that type of tax be found in any of the Statutes or codes of the United States Code or Statutes at Large. Defendants are outside the scope of their authority and have attested to the imposition of a kind of tax that does not exist.

2. Tax Period Ended: 12/31/1998    Date of Assessment    10/13/2003

Tax Period Ended: 12/31/1999     Date of Assessment    10/13/2003

§ 6501. Limitations on assessment and collection

(a) **General rule**
Except as otherwise provided in this section, the amount of any tax imposed by this
title shall be assessed within 3 years after the return was filed (whether or not such
return was filed on or after the date prescribed) or, if the tax is payable by stamp, at
any time after such tax became due and before the expiration of 3 years after the date
on which any part of such tax was paid, and no proceeding in court without
assessment for the collection of such tax shall be begun after the expiration of such
period. For purposes of this chapter, the term "return" means the return required to
be filed by the taxpayer (and does not include a return of any person from whom the
taxpayer has received an item of income, gain, loss, deduction, or credit).

Defendants attested to the date of assessment on the notice filed for public record. The
date of assessment shown for both tax periods is 10/13/2003. According to Title 26 and the IRM,
the authorities the agents must follow and uphold, the last date that a tax could be assessed for
1998 is April 16, 2001. The last date that a tax could be assessed for 1999 is April 16, 2002.
Defendants, by certifying to dates of assessments outside the prescribed rules of authority, have
acted outside their scope of authority.

## NOTICE OF LEVY

A Levy must be issued together with a Writ of Execution. Unless Defendants are
operating under a private law not known to Plaintiff, due process dictates that a Writ of
Execution must be signed and sealed by the court clerk where the judgment was issued, thus
giving rise to the lien or levy. Defendants issued or caused to be issued a number of "Notices of
Levy". See Attachments 2 thru 7, attached hereto and incorporated herein. These notices were
not accompanied by a Writ of Execution of any kind, Plaintiff never having been the recipient of
legal process. The authority to "levy" is authorized in 26 U.S.C. § 6331.

§ 6331. Levy and distraint

(a) **Authority of Secretary**

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

Setting aside the fact that Plaintiff is not the recipient of an accrued salary or wages and is not an officer, employee, or elected official of the United States or District of Columbia, which would not make him subject to levy, we must go to the corresponding regulations to ascertain how and by whom a levy can be made.

**Title 27: Alcohol, Tobacco and Firearms**
PART 70—PROCEDURE AND ADMINISTRATION
Subpart D—Collection of Excise and Special (Occupational) Tax
Seizure of Property for Collection of Taxes

## *§ 70.161  Levy and distraint.*

(a) *Authority to levy* —(1) *In general.* If any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand, the appropriate TTB officer who initiated the assessment may proceed to collect the tax by levy, provided the taxpayer has been furnished the notice described in §70.162(a) of this part. The appropriate TTB officer may levy upon any property, or rights to property, whether real or personal, tangible or intangible, belonging to the taxpayer. The appropriate TTB officer may also levy upon property with respect to which there is a lien provided by 26 U.S.C. 6321 for the payment of the tax. For exemption of certain property from levy, see 26 U.S.C. 6334 and §§70.241 through 70.245 of this part. For exemption of certain property from levy, see 26 U.S.C. 6334 and §§70.241 through 70.245 of this part. As used in 26 U.S.C. 6331 and this section, the term "tax" includes any interest, additional amount, addition to tax, or assessable penalty, together with costs and expenses. Property subject to a Federal tax lien which has

been sold or otherwise transferred by the taxpayer may be seized while in the hands of the transferee or any subsequent transferee. However, see 26 U.S.C. 6323(i)(2) and §70.144 of this part concerning the subrogation rights of certain transferees. Levy may be made by serving a Notice of Levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation. Except as provided in §70.162(c) of this part with regard to a levy on salary or wages, a levy extends only to property possessed and obligations which exist at the time of the levy. Obligations exist when the liability of the obligor is fixed and determinable although the right to receive payment thereof may be deferred until a later date. For example, if on the first day of the month a delinquent taxpayer sold personal property subject to an agreement that the buyer remit the purchase price on the last day of the month, a levy made on the buyer on the 10th day of the month would reach the amount due on the sale, although the buyer need not satisfy the levy by paying over the amount to the appropriate TTB officer until the last day of the month. Similarly, a levy only reaches property in the possession of the person levied upon at the time the levy is made. For example, a levy made on a bank with respect to the account of a delinquent taxpayer is satisfied if the bank surrenders the amount of the taxpayer's balance at the time the levy is made, including interest thereon to the date of surrender. The levy has no effect upon any subsequent deposit made in the bank by the taxpayer. Subsequent deposits may be reached only by a subsequent levy on the bank.

Again, setting aside the fact that a CFR in order to have force and effect must bear the same Title number as the code it is to implement, i.e., Title 26 must be implemented by 26 CFR, not 27 CFR, it is clear from the implementing regulation to 26 U.S.C. § 6331, 27 CFR Part 70, Levy and distraint, the levy must be enforced by the appropriate TTB officer. A TTB officer is an officer or employee of the Alcohol, Tobacco Tax and Trade Bureau.

### Title 27: Alcohol, Tobacco and Firearms

PART 70—PROCEDURE AND ADMINISTRATION
Subpart D—Collection of Excise and Special (Occupational) Tax
Collection—General Provisions

### § 70.51  Collection authority.

The taxes imposed by provisions of 26 U.S.C. enforced and administered by the Bureau must be collected by appropriate TTB officers.

(26 U.S.C. 6301)

[T.D. ATF–450, 66 FR 29024, May 29, 2001]

Thus, referring to the regulations which would allow levy and distraint, the assessment **MUST** be made by a TTB officer, and if a levy is enforced it **MUST** be carried out by the TTB officer who initiated the assessment.

Neither Kellner nor Carter are TTB officers and by the procedures of Title 26 and the IRM they are not authorized to make assessments or enforce levies. The Defendants were acting outside the scope of their authority to inflict damage on the Plaintiff.

## 2039 SUMMONS

Defendant Kellner, aka Nelson, filled out and sent through the U.S. Postal Service mail a 2039 Summons to Countrywide Home Loans in order to ascertain certain information concerning Plaintiff. See Attachment 8, attached hereto and incorporated herein.

The authority to initiate a Form 2039 Summons is pursuant to 26 U.S.C. § 7609.

§ 7609. Special procedures for third-party summonses

(a) **Notice**
(1) **In general**
If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

The implementing regulation for 26 U.S.C. § 7609 is found in 27 CFR Part 70.

**Title 27: Alcohol, Tobacco and Firearms**

PART 70—PROCEDURE AND ADMINISTRATION
Subpart C—Discovery of Liability and Enforcement of Laws

Examination and Inspection

## § 70.25  *Special procedures for third-party summonses.*

(a) When the Bureau summons the records of persons defined by 26 U.S.C. 7609(a)(3) as "third-party record keepers", the person about whom information is being gathered must be notified in advance, except when:

(1) The summons is served on the person about whom information is being gathered, or any officer or employee of such person, or

(2) The summons is served to determine whether or not records of the business transactions or affairs of an identified person have been made or kept, or

(3) The summons does not identify the person with respect to whose liability the summons is issued (a "John Doe" summons issued under the provisions of 26 U.S.C. 7609(f)), or

(4) The appropriate TTB officer petitions, and the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying or production of records.

Neither Kellner nor Carter is a TTB officer.  Only TTB officers have the power to summon under 26 U.S.C. § 7609.  As mere Revenue Officers, Defendants exceeded the scope of their authority, ventured outside the prescribed procedures for IRS agents, and as a result inflicted damage upon Plaintiff.

## THE UNITED STATES IS NOT A PROPER PARTY

Attorney Genis argues that UNITED STATES is the proper party because Defendants were acting in their official capacities.  It is not clear exactly who or what the IRS is, if it is an agency of the U. S. Treasury Department or if it is executive, legislative or judicial in nature. Plaintiff is unable to find the Internal Revenue Service listed as one of the agencies of the Treasury Department in Title 31.  Plaintiff knows that the Department of Agriculture is the

employer of record.  The Department of Agriculture is an executive department.  The United States Department of the Treasury is an executive department.  The U. S. Treasury is tasked to manage revenue, not collect it.  Congress has sole and exclusive power to collect revenue, and it does not appear that Department of Treasury, Internal Revenue Service is collecting for the Congress.

In the beginning sessions of the United States Congress in 1789, Congress established taxing districts and appointed tax collectors.  The tax collectors were heavily bonded, and had the capacity to sue or be sued in their names.  The tax collectors were responsible for the collection of taxes and had a duty to keep books and records and be accountable for collections.  An officer of the Treasury department was appointed to superintend collections.

It is difficult for Plaintiff to determine who employs Defendants  or where Defendants are employed.  Treasury Order 150-01, Attachment 9, (attached hereto and incorporated herein), whose subject is Regional and district Offices of the Internal Revenue Service, states there are 33 districts established.  The Southwest District, which is contained in the Western Region has its headquarters in Phoenix, Arizona, so it appears from that Treasury Order, that Defendants may possibly be located in Arizona.

Treasury Order 150-02, Attachment 10, (attached hereto and incorporated herein), however, which cancels 150-01, lists as its subject: organization and Functions of the Internal Revenue Service.  This order establishes fourteen offices and abolishes all others.  The fourteen offices are in compliance with 4 U.S.C. § 72 and sit in the District of Columbia.

§ 72. Public offices; at seat of Government

All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law.

Plaintiff believes, therefore, that if Defendants are employed by or in an office of the United States, and that office has its seat in the District of Columbia, that the venue and jurisdiction of this case must be in the District of Columbia.

Although Treasury Order 150-02 does not reflect nor name an office of tax collector, Plaintiff hopes to ascertain, through discovery, if Defendants have sworn the oath mandated by 1 Stat 23 and 1 Stat 24, and further, the oath taken as tax collectors at 1 Stat 38. Until Plaintiff is able to determine if Defendants swore such an oath upon assuming the duties of their office, Plaintiff can not be certain that Defendants are operating under the authority of the United States as that term is used at 1 Stat 24 and collecting revenue for the Congress of the United States.

If Defendants have sworn the aforementioned oath and are indeed employees or officers of the United States, Plaintiff notices the court of his error in not having the man who mailed the certified mail summons to the U.S. Attorney for the Washington DC district and for the Attorney General of the United States submit a proof of service. This was an error and should the court so deem it necessary for correction, Plaintiff will forthwith have Jerry Bergemeyer submit an affidavit of service.

It is understood that Revenue Agents are not tax collectors, as that term is defined in the first volume of the Statutes of Large. However, if Defendants are indeed tax collectors abiding by the laws Congress dictated in Volume 1 of the Statutes at Large, it is proper to sue them in their own names.

## ADMINISTRATIVE REMEDY

Attorney Genis makes the argument that Plaintiff has not exhausted his administrative remedies and pursuant to "26 C.F.R. §301.7433-1(e)(1) he must submit a claim for damages to the area director in which the taxpayer lives...." Attorney Genis is apparently not familiar with T.O. 150-02 whereby all Districts were abolished and the offices of the IRS were established in the District of Columbia and no where else, making it an impossibility for Plaintiff to achieve a remedy by means of a superceded code. Plaintiff had no other remedy than to sue the "tax collectors" in their own names for abuse of their office, as promulgated by the 1st Congress of the United States.

Plaintiff is not suing the "government". The "government" would consist of the duly established offices created by the Constitution of the United States and would be classed as either Legislative, Executive or Judicial departments. The founding fathers had no concept of agencies doing business as the "government". An agency which can create its own rules and regulations and contains the elements of legislative, judicial and executive powers, can not have application to a man in Arizona except by contract or employment, because such an agency would be in violation of separation of powers concerning said man.

The section, Administrative Law, in AmJur tells us: "Administrative law provides the structure and procedure of government, but does not supply the substantive law that administration is supposed to apply".

Plaintiff would notice the court that the substantive law under which this case was filed is the legal theory under which he intends to proceed. Plaintiff disagrees with the legal theories advanced by Mr. Genis and would ask Mr. Genis to prove his administrative theories in light of the fact that Plaintiff is seeking a legal remedy. Plaintiff maintains he has exhausted his administrative remedy and has a right to sue Defendants for unlawful takings.

## CONCLUSION

The UNITED STATES is not a proper party to this action. Plaintiff can find no authority which sets aside the laws promulgated in the 1st Volume of the Statutes at Large which

designated tax collectors and established that a tax collector can sue or be sued in his own name.

Plaintiff is a reasonably intelligent man and has never laid eyes on the UNITED STATES, and has no dispute with that entity, but he has encountered Kellner and Carter, knows them to be real and not legal fictions nor entities and, believes them to be engaged in the business of tax collection. If they are, indeed, engaged in the business of tax collection for the Congress of the United States, they are bound by the laws promulgated by Congress for that collection. When their position is abused, they can be sued in their own names, as in the instant case.

Plaintiff has never knowingly nor intentionally waived his rights to Constitutional remedies, and knows of no contracts which he has knowingly signed which would place him in the position of voluntary servitude and therefore bind him to private law or private contracts, which would be the only other explanation for Defendants' behavior.

If this is the case, and it is presumed that Plaintiff has placed himself in the position of involuntary servitude, thus being subject to agency rules or regulations, Plaintiff asks Mr. Genis to produce the contracts which Plaintiff signed which would so designate him. If this is not the case, and it is true that Defendants Kellner and Carter are bound by their own agency rules and regulations and must follow them to the letter or be in violation of Title 26 and the Internal Revenue Manual, then Plaintiff asks that the court deny the motion to dismiss based on the law of the case as submitted by Plaintiff in his original action.

Further, Plaintiff asked that his complaint proceed under an Article III, Section 1 court, which would sit under the law of the land, not under the rules of an agency in an administrative capacity. Mr. Genis has not objected to the venue, therefore, Plaintiff makes the assertion that the venue of the court is in the law and not in administrative code.

In the alternative, should there be no court or judge available who is not subject to the levy and distraint authority of 26 U.S.C. § 6331, Plaintiff asks that a jury be empanelled to hear the issue.

Plaintiff maintains that he has submitted a viable claim to this court. His claim is for damages incurred at the hands of rogue agents who purport to collect bona fide taxes for

Congress under the laws of the United States. These agents have engaged in unlawful takings, acted outside the scope of their authority and should be held culpable, as Congress intended with the passing of the 1998 Reform and Restructuring Act.

Respectfully, waiving no rights,

*Dan Cornell*

Dan Cornell

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the attached, Plaintiff's Response to Defendants' Motion to Dismiss was sent by U. S. Postal service on April 25, 2007 to:

PAT S. GENIS
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 227
Washington DC 20044

*Dan Cornell*

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #11 Lien Unit Phone:    (303) 446-1447 | Serial Number 216380105 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer    DAN R CORNELL

000615

Residence    5330 W TONTO RD
GLENDALE, AZ 85308-5010

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1998 | 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 | 10/13/2003 | 11/12/2013 | 422.31 |
| 1040 | 12/31/1999 | 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 | 10/13/2003 | 11/12/2013 | 37565.84 |

| Place of Filing COUNTY RECORDER MARICOPA COUNTY PHOENIX, AZ 85003 | Total | 37988.15 |

This notice was prepared and signed at ___DENVER, CO_____ , on this,

the _01st_ day of _March_____ , _2005_ .

*Attachment 1*

| Signature *CSherwood* for JERRY CARTER | Title REVENUE OFFICER (602) 207-8549 | 31-10-2392 |

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

CAT. NO 60025X
Form **668 (Y)(c)** (Rev. 02-04)

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Jan. 2003) | **Notice of Levy** |

**DATE:** 03/22/2005

REPLY TO: **Internal Revenue Service**
**JERRY CARTER**
**40 W BASELINE**
**TEMPE, AZ 85283-9821**

TELEPHONE NUMBER
OF IRS OFFICE: **(602)207-8549**

NAME AND ADDRESS OF TAXPAYER:
**DAN R CORNELL**
**5330 W TONTO RD**
**GLENDALE, AZ 85308-5010**

TO: **WELLS FARGO BANK NA**
**LEVY PROCESSING DEPARTMENT**
**PO BOX 29779 MAC# S3928-021**
**PHOENIX, AZ 85038**

IDENTIFYING NUMBER(S): **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**

**CORN**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1998 | 438.31 | 28.19 | 466.50 |
| 1040 | 12/31/1999 | 37565.84 | 3530.33 | 41096.17 |

| | | |
|---|---|---|
| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.================================ ⇒ | **Total Amount Due** | 41562.67 |

We figured the interest and late payment penalty to  **04-21-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| **/S/ JERRY CARTER** | **REVENUE OFFICER** |

Part 4 –    For Taxpayer          Catalog No. 35389E     www.irs.gov          Form **668-A(ICS)** (1-2003)

*Attachment 2*

Form 668-A(ICS)
(Jan. 2003)

Department of the Treasury – Internal Revenue Service
## Notice of Levy

DATE: 03/22/2005

REPLY TO: **Internal Revenue Service**
**JERRY CARTER**
**4O W BASELINE**
**TEMPE, AZ 85283-9821**

TELEPHONE NUMBER
OF IRS OFFICE: **(602)207-8549**

NAME AND ADDRESS OF TAXPAYER:
**DAN R CORNELL**
**5330 W TONTO RD**
**GLENDALE, AZ 85308-5010**

TO: **MERIWEST CREDIT UNION**
**5615 CHESBRO AVE**
**SAN JOSE, CA 95123-3046**

IDENTIFYING NUMBER(S): **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**

CORN

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1998 | 438.31 | 28.19 | 466.50 |
| 1040 | 12/31/1999 | 37565.84 | 3530.33 | 41096.17 |

| | | |
|---|---|---|
| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.=============================== ⟹ | **Total Amount Due** | 41562.67 |

We figured the interest and late payment penalty to  **04-21-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury**. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative **/S/ JERRY CARTER** | Title **REVENUE OFFICER** |
|---|---|

Part 4 –    For Taxpayer          Catalog No. 35389E    www.irs.gov          Form **668-A(ICS)** (1-2003)

*Attachment 3*

Form 668-A(ICS)
(Jan. 2003)

Department of the Treasury – Internal Revenue Service

**Notice of Levy**

DATE: 03/22/2005

REPLY TO: **Internal Revenue Service**
**JERRY CARTER**
**4O W BASELINE**
**TEMPE, AZ 85283-9821**

TELEPHONE NUMBER
OF IRS OFFICE: **(602)207-8549**

NAME AND ADDRESS OF TAXPAYER:
**DAN R CORNELL**
**5330 W TONTO RD**
**GLENDALE, AZ 85308-5010**

TO: **AMERITRADE INC**
**PO BOX 2226**
**OMAHA, NE 68103**

**CORN**

IDENTIFYING NUMBER(S): **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**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1998 | 438.31 | 28.19 | 466.50 |
| 1040 | 12/31/1999 | 37565.84 | 3530.33 | 41096.17 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.================================= ⇒

| Total Amount Due | 41562.67 |
|---|---|

We figured the interest and late payment penalty to **04-21-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative **/S/ JERRY CARTER** | Title **REVENUE OFFICER** |
|---|---|

**Part 4 –** For Taxpayer          Catalog No. 35389E          www.irs.gov          Form **668-A(ICS)** (1-2003)

*Attachment 4*

Department of the Treasury – Internal Revenue Service

## Notice of Levy

DATE: 03/22/2005

REPLY TO:  **Internal Revenue Service**
      **JERRY CARTER**
      **4O W BASELINE**
      **TEMPE, AZ 85283-9821**

TELEPHONE NUMBER
OF IRS OFFICE: **(602)207-8549**

NAME AND ADDRESS OF TAXPAYER:
**DAN R CORNELL**
**5330 W TONTO RD**
**GLENDALE, AZ 85308-5010**

TO:  **MARICOPA COUNTY HEALTH PLAN**
     **2619 E PIERCE**
     **PHOENIX, AZ 85008**

**CORN**

IDENTIFYING NUMBER(S):  **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**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1998 | 438.31 | 28.19 | 466.50 |
| 1040 | 12/31/1999 | 37565.84 | 3530.33 | 41096.17 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.================================ ⇒

| Total Amount Due | 41562.67 |
|---|---|

We figured the interest and late payment penalty to **04-21-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| **/S/ JERRY CARTER** | **REVENUE OFFICER** |

**Part 4 –**    For Taxpayer        Catalog No. 35389E    www.irs.gov       Form **668-A(ICS)** (1-2003)

*Attachment 5*

| Form **668-A(ICS)** | Department of the Treasury – Internal Revenue Service |
| (Jan. 2003) | **Notice of Levy** |

**DATE: 03/22/2005**

REPLY TO: **Internal Revenue Service**
         **JERRY CARTER**
         **4O W BASELINE**
         **TEMPE, AZ 85283-9821**

TELEPHONE NUMBER
OF IRS OFFICE: **(602)207-8549**

TO:   **MERCY CARE PLAN**
      **PO BOX 52089**
      **PHOENIX, AZ 85072**

NAME AND ADDRESS OF TAXPAYER:
**DAN R CORNELL**
**5330 W TONTO RD**
**GLENDALE, AZ 85308-5010**

IDENTIFYING NUMBER(S): **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**

**CORN**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1998 | 438.31 | 28.19 | 466.50 |
| 1040 | 12/31/1999 | 37565.84 | 3530.33 | 41096.17 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.================================= ⟹ | Total Amount Due | 41562.67 |

We figured the interest and late payment penalty to  **04-21-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have** (or are already obligated for) **when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
| **/S/ JERRY CARTER** | **REVENUE OFFICER** |

**Part 4 –**    For Taxpayer        Catalog No. 35389E    www.irs.gov        Form **668-A(ICS)** (1-2003)


Attachment 6

DATE: 04/03/2006

**Notice of Levy**

REPLY TO: **Internal Revenue Service**
**RUSSELL NELSON**
**40 W BASELINE RD**
**TEMPE, AZ 85283**

TELEPHONE NUMBER
OF IRS OFFICE: **(602)207-8376**

NAME AND ADDRESS OF TAXPAYER:

**DAN CORNELL**
**DBA SPECTRUM ADULT CARE**
**5330 WEST TONTO RD**
**GLENDALE, AZ 85308**

TO:   **JP MORGAN CHASE BANK NA**
**NATIONAL LEGAL PROCESSING**
**451 FLORIDA ST**
**BATON ROUGE, LA 70801**

IDENTIFYING NUMBER(S):   **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**

**CORN**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1999 | 26454.40 | 6042.93 | 32497.33 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.================================ ⟹

| Total Amount Due | 32497.33 |
|---|---|

We figured the interest and late payment penalty to   **05-03-2006**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| **/S/ RUSSELL NELSON** | **REVENUE OFFICER** |

**Part 4 –**   For Taxpayer      Catalog No. 35389E     www.irs.gov     Form **668-A(ICS)** (1-2003)

*Attachment 7*



# Summons

In the matter of  **Dan R Cornell, 5330 W Tonto Rd, Glendale, AZ  85308-5010**

Internal Revenue Service (Division): **Small Business/Self Employed**

Industry/Area (name or number): **Small Business/Self Employed - Western Area**

Periods **See attachment for Period information**

*RECEIVED DEC 2 3 2005 LEGAL DEPARTMENT*

## The Commissioner of Internal Revenue

To   **Countywide Home Loans  Attn Legal Dept**

At    **400 Countrywide Way, Simi Valley, CA  93065**

You are hereby summoned and required to appear before Russell Nelson, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Summons Attachment

*Attachment 8*

## Attestation

**I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.**

_Russell Nelson_
Signature of IRS Official Serving the Summons

**Revenue Officer, 86-18005**
Title

## Business address and telephone number of IRS officer before whom you are to appear:

 M/S 5117TEM, 40 W Baseline Rd Ste 213, Tempe AZ  85283  602-207-8376

## Place and time for appearance at:   M/S 5117TEM, 40 W Baseline Rd Ste 213, Tempe AZ  85283

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

on the  10th  day of  January ,  2006  at  9  o'clock  A  m.

Issued under authority of the Internal Revenue Code this  7th  day of  December  2005

_Russell Nelson_
Signature of Issuing Officer

_N/A_
Signature of Approving Officer *(if applicable)*

Revenue Officer_____
Title

_____
Title

**Part A -- to be given to person summoned**

# BY ORDER OF THE SECRETARY OF THE TREASURY

**TREASURY ORDER** 150-01

**DATE:** September 28, 1995

*[ Attachment 9 ]*

**SUNSET REVIEW:** September 28, 2000

**SUBJECT:** Regional and District Offices of the Internal Revenue Service

Under the authority given to the President to establish and alter internal revenue districts by Section 7621 of the Internal Revenue Code of 1986, as amended, and vested in the Secretary of the Treasury by Executive Order 10289 (approved September 17, 1951, as amended) as made applicable to Section 7621 of the Internal Revenue Code of 1986, as amended (as previously contained in the Internal Revenue Code of 1954) by Executive Order 10574 (approved November 5, 1954); under the authority vested in the Secretary of the Treasury by 31 U.S.C. §§321 (a), (b) and Reorganization Plan No. 1 of 1952 as made applicable to the Internal Revenue Code of 1986, as amended, by Section 7804(a) of such Code; and under the authority vested in the Secretary of the Treasury by Sections 7801(a) and 7803 of the Internal Revenue Code of 1986, as amended; the following internal revenue districts and regions are established or continued as described in this Order. When fully implemented, this Order establishes fewer internal revenue regions and districts than designated in previous Orders.

1. Regions. Four regions are established which shall be identified as Northeast Region, headquartered at New York, New York; Southeast Region, headquartered at Atlanta, Georgia; Midstates Region, headquartered at Dallas, Texas; and Western Region, headquartered at San Francisco, California. The head of each regional office shall bear the title "Regional Commissioners identified by the region name. The geographic areas and internal revenue districts within each region are shown in the Attachment to this Order.

2. Districts. Thirty-three districts are established. Each shall be known as an internal revenue district and shall be identified by the names listed in the Attachment. The head of each district office shall be titled ~Director" identified by the district name as specified in the Attachment. The geographic areas within each district are shown in the Attachment.

3. U.S. Territories and Insular Possessions. The Commissioner of Internal Revenue shall, to the extent of authority vested in the Commissioner, provide for the administration of the United States internal revenue laws in the U.S. territories and insular possessions and other areas of the world.

4. Implementation. The district and regional organization described above shall be implemented on dates determined by the Commissioner of Internal Revenue. Until such

dates, the existing offices are authorized to continue. Effective immediately, the Commissioner is authorized to effect such transfers of functions, personnel, positions, equipment and funds as may be necessary to implement the provisions of this Order.

5. Other Offices. This Order affects only the regional and district offices subject to this Order and does not affect service centers or other offices in existence within the Internal Revenue Service.

6. Effect On Prior Treasury Orders.

> a. TO 150-01, "Designation of Internal Revenue Districts," dated October 27, 1987, is superseded.

> b. TO 150-03, "Designation of Internal Revenue Regions and Regional Service Centers," dated January 24, 1986, is superseded.

Robert E. Rubin

Secretary of the Treasury

OPI: Internal Revenue Service

Attachment

## Regional and District Offices of the Internal Revenue Service

| District Name | Headquarters | Area Covered |
|---|---|---|
| **SOUTHEAST REGION** | Atlanta, Georgia | Alabama, Delaware, the District of Columbia, Florida, Georgia, Indiana, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Virginia, West Virginia |
| North Florida District | Jacksonville, Florida | Florida counties: Alachua, Baker, Bay, Bradford, Brevard, Calhoun, Citrus, Clay, Columbia, Dixie, Duval, Escambia, Flagler, Franklin, Gadsden, Gilchrist, Gulf, Hamilton, Hernando, Hillsborough, Holmes, Jackson, Jefferson, Lafayette, Lake, Leon, Levy, Liberty, Madison, Marion, Nassau, Okaloosa, Orange, Osceola, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Seminole, St. Johns, Sumter, Suwannee, Taylor, Union, Volusia, Wakulla, Walton and Washington |

| South Florida District | Fort Lauderdale, Florida | Florida counties: Broward, Charlotte, Collier, Dade, DeSoto, Glades, Hardee, Hendry, Highlands, Indian River, Lee, Manatee, Martin, Monroe, Okeechobee, Palm Beach, Sarasota and St. Lucie |
|---|---|---|
| Georgia District | Atlanta, Georgia | Georgia |
| Indiana District | Indianapolis, Indiana | Indiana |
| Gulf Coast District | New Orleans, Louisiana | Louisiana, Mississippi and Alabama |
| Delaware-Maryland District | Baltimore, Maryland | Delaware, Maryland and the District of Columbia |
| North-South Carolina District | Greensboro, North Carolina | North Carolina and South Carolina |
| Kentucky-Tennessee District | Nashville, Tennessee | Kentucky and Tennessee |
| Virginia-West Virginia District | Richmond, Virginia | Virginia and West Virginia |
| **District Name** | **Headquarters** | **Area Covered** |
| **NORTHEAST REGION** | New York, New York | Connecticut, Maine, Massachusetts, Michigan, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island and Vermont |
| Connecticut-Rhode Island District | Hartford, Connecticut | Connecticut and Rhode Island |
| Ohio District | Cincinnati, Ohio | Ohio |
| Michigan District | Detroit, Michigan | Michigan |
| New England District | Boston, Massachusetts | Maine, Massachusetts, New Hampshire and Vermont |
| New Jersey District | Newark, New Jersey | New Jersey |
| Brooklyn District | Brooklyn, New York | New York counties: Kings, Nassau, Queens and Suffolk |
| Upstate New York District | Buffalo, New York | New York counties: Albany, Allegany, Broome, Cattaraugus, Cayuga, Chautauqua, Chemung, Chenango, Clinton, Columbia, Cortland, Delaware, Dutchess, Erie, Essex, Franklin, Fulton, Genesee, |

| | | |
|---|---|---|
| | | Greene, Hamilton, Herkimer, Jefferson, Lewis, Livingston, Madison, Monroe, Montgomery, Niagara, Oneida, Onondaga, Ontario, Orange, Orleans, Oswego, Otsego, Putnam, Rensselaer, Saratoga, Schenectady, Schoharie, Schuyler, Seneca, Steuben, St. Lawrence, Sullivan, Tioga, Tompkins, Ulster, Warren, Washington, Wayne, Wyoming and Yates |
| Manhattan District | New York, New York | New York counties: Bronx, New York, Richmond, Rockland and Westchester |
| Pennsylvania District | Philadelphia, Pennsylvania | Pennsylvania |

| District Name | Headquarters | Area Covered |
|---|---|---|
| **MIDSTATES REGION** | Dallas, Texas | Arkansas, Illinois, Iowa, Kansas, Minnesota, Missouri, Nebraska, North Dakota, Oklahoma, South Dakota, Texas and Wisconsin |
| Illinois District | Chicago, Illinois | Illinois |
| North Central District | St. Paul, Minnesota | Minnesota, North Dakota and South Dakota |
| Midwest District | Milwaukee, Wisconsin | Iowa, Nebraska and Wisconsin |
| Kansas-Missouri District | St. Louis, Missouri | Kansas and Missouri |
| Arkansas-Oklahoma District | Oklahoma City, Oklahoma | Arkansas and Oklahoma |
| North Texas District | Dallas, Texas | Texas counties: Anderson, Andrews, Angelina, Archer, Armstrong, Bailey, Baylor, Borden, Bowie, Briscoe, Brown, Callahan, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collin, Collingsworth, Comanche, Concho, Cooke, Cottle, Crane, Crockett, Crosby, Dallam, Dallas, Dawson, Deaf Smith, Delta, Denton, Dickens, Donley, Eastland, Ector, Ellis, Erath, Fannin, Fisher, Floyd, Foard, Franklin, Gaines, Garza, Glasscock, Gray, Grayson, Gregg, Hale, Hall, Hansford, Hardeman, Harrison, Hartley, Haskell, Hemphill, Henderson, Hockley, Hood, Hopkins, Houston, Howard, Hunt, Hutchinson, Irion, Jack, Johnson, Jones, Kaufman, Kent, King, Knox, Lamar, Lamb, Lipscomb, Loving, Lubbock, Lynn, Marion, Martin, |

| | | |
|---|---|---|
| | | Menard, Midland, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Nolan, Ochiltree, Oldham, Palo Pinto, Panola, Parker, Parmer, PoKer, Rains, Randall, Reagan, Red River, Roberts, Rockwall, Runnels, Rusk, Sabine, San Augustine, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Stephens, Sterling, Stonewall, SuKon, Swisher, Tarrant, Taylor, Terry, Throckmorton, Titus, Tom Green, Upshur, Upton, Van Zandt, Ward, Wheeler, Wichita, Wilbarger, Winkler, Wise, Wood, Yoakum and Young |
| South Texas District | Austin, Texas | Texas counties: Aransas, Atascosa, Austin, Bandera, Bastrop, Bee, Bell, Bexer, Blanco, Bosque, Brazos, Brewster, Brooks, Burleson, Burnet, Caldwell, Calhoun, Cameron, Colorado, Comal, Coryell, Culberson, DeWiK, DimmiK, Duval, Edwards, El Paso, Falls, FayeKe, Freestone, Frio, Gillespie, Goliad, Gonzales, Grimes, Guadalupe, Hamilton, Hays, Hidalgo, Hill, Hudspeth, Jackson, Jeff Davis, Jim Hogg, Jim Wells, Karnes, Kendall, Kenedy, Kerr, Kimble, Kinney, Kleberg, Lampasas, LaSalle, Lavaca, Lee, Leon, Limestone, Live Oak, Llano, McCulloch, McLennan, McMullen, Madison, Mason, Matagorda, Maverick, Medina, Milam, Nueces, Pecos, Presidio, Real, Reeves, Refugio, Robertson, San Patricio, San Saba, Somervell, Starr, Terrell, Travis, Uvalde, Val Verde, Victoria, Waller, Washington, Webb, Wharton, Willacy, Williamson, Wilson, Zapata and Zavala |
| Houston District | Houston, Texas | Texas counties: Brazoria, Chambers, Fort Bend, Galveston, Hardin, Harris, Jasper, Jefferson, Liberty, Montgomery, Newton, Orange, Polk, San Jacinto, Trinity, Tyler and Walker |
| **District Name** | **Headquarters** | **Area Covered** |
| **WESTERN REGION** | San Francisco, California | Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington and Wyoming |
| Southwest District | Phoenix, Arizona | Arizona, Nevada and New Mexico |
| Rocky Mountain District | Denver, Colorado | Colorado, Idaho, Montana, Utah and Wyoming |
| Northern California | Oakland, California | Northern California counties: Alameda, Alpine, Amador, BuKe, Calaveras, Colusa, Contra Costa, Del |

| District | | Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mendocino, Modoc, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San Joaquin, San Mateo, Shasta, Sierra, Siskiyou, Solano, Sonoma, SuKer, Tehama, Trinity, Yolo and Yuba |
|---|---|---|
| Central California District | San Jose, California | Mid-state California counties: Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Mono, Monterey, San Benito, San Luis Obispo, Santa Barbara, Santa Clara, Santa Cruz, Stanislaus, Tulare, Tuolumne and Ventura |
| Los Angeles District | Los Angeles, California | County of Los Angeles, except for that portion served by the Southern California District |
| Southern California District | Laguna Niguel, California | Southern California counties: Imperial, Orange, Riverside, San Bernardino, San Diego, and that portion of Los Angeles County serviced by the Carson post of duty (the geographic area covered by 1995 U.S. Postal Service zip codes 90254, 90274, 90277, 90278, 90501, 90502, 90503, 90504, 90505, 90506, 90507, 90508, 90509, 90510, 90701, 90702, 90703, 90704, 90706, 90707, 90710, 90711, 90712, 90713, 90714, 90715, 90716, 90717, 90731, 90732, 90733, 90734, 90744, 90745, 90746, 90747, 90748, 90749, 90801, 90802, 90803, 90804, 90805, 90806, 90808, 90809, 90810, 90813, 90814, 90815, 90822, 90831, 90832, 90833, 90834, 90835, 90840, 90844, 90846, 90853) |
| Pacific Northwest District | Seattle, Washington | Alaska, Hawaii, Oregon and Washington |

**TREASURY ORDER** 150-02

**Date:** 03-09-01

Attachment 10

**Sunset Review:** 03-09-06

**SUBJECT:** Organization and Functions of the Internal Revenue Service

1. By virtue of the authority vested in the Secretary of the Treasury by 31 U.S.C. §321(b) and Section 7801(a) of the Internal Revenue Code (IRC); and in accordance with the authority vested in the Commissioner of Internal Revenue by Sections 1001 of the "Internal Revenue Service Restructuring and Reform Act of 1998" (RRA-98), Pub. L. 105-206, 112 Stat. 685 and IRC Sections 7803 and 7804, it is ordered that the following offices are established.

2. This Order prescribes the structure of the Internal Revenue Service emerging from the reorganization required by Section 1001 of RRA-98. The Commissioner is authorized to implement the organization in accordance with RRA-98 at an appropriate time or times as determined by the Commissioner and to make such changes to personnel, positions, equipment, and funds as may be necessary to effectively manage the described organization.

3. Except for the offices and positions in paragraphs 4 through 17, the Commissioner may create, abolish, or modify as necessary other offices and positions within the Internal Revenue Service to effectively and efficiently administer the tax laws or other responsibilities assigned to the Internal Revenue Service. The authority of the Commissioner to create, abolish, or modify offices under this delegation is subject only to limitations that exist by law or Department of the Treasury rules, regulations, and directives, including Treasury Directive 21-01, "Organizational Changes"; "Statement of Treasury Department Policies and Procedures: Mission, Organization, Resources, Operation, Direction and Oversight of the Statistics of Income Division of the Internal Revenue Service", dated December 16, 1993; and "Memorandum of Understanding Regarding Procedures for the Statistics of Income Division of the Internal Revenue Service," dated September 17, 1997.

4. OFFICE OF THE COMMISSIONER OF INTERNAL REVENUE. The Office of the Commissioner consists of the Commissioner; Deputy Commissioner; and Assistant Deputy Commissioner. The Commissioner is the chief executive officer for the IRS. The Commissioner is responsible for overall planning and for directing, controlling and evaluating IRS policies, programs, and performance.

5. DEPUTY COMMISSIONER. The Deputy Commissioner has line authority over all IRS officials reporting to or through the Deputy Commissioner. The Deputy Commissioner is responsible for assisting and acting for the Commissioner in planning, directing, coordinating and controlling the policies, programs and other activities of the IRS; in establishing tax administration policy; and in developing strategic objectives. The

Assistant Deputy Commissioner is generally responsible for day-to-day operational matters and for oversight of the reorganization of the IRS.

6. <u>CHIEF COUNSEL</u>. The Chief Counsel is the chief law officer for the Internal Revenue Service and an Assistant General Counsel for the Treasury, with duties and responsibilities prescribed by the Secretary of the Treasury and by law. The Chief Counsel is responsible for advising the Commissioner on legal matters and ensuring that the Office of Chief Counsel provides top-quality legal support to all offices within the IRS. The relationship of the Secretary, Commissioner, General Counsel, Chief Counsel, and Chief Counsel staff is further defined in 31 U.S.C. § 301(f)(2); IRC § 7803(b); in Treasury Orders 107-04, "The General Counsel," dated July 25, 1989; 107-07, "Personnel Authority over Personnel Employed by the Office of Chief Counsel, Internal Revenue Service," dated May 4, 1999; 150-10, "Delegation--Responsibility for the Internal Revenue Laws," dated April 22, 1982; and by implementing Orders of the General Counsel.

7. <u>CHIEF, COMMUNICATIONS AND LIAISON DIVISION</u>. The Chief, Communications and Liaison Division, heads the Communications and Liaison Division and is the principal advisor to the Commissioner and Deputy Commissioner on legislative matters, internal and external communications, and relationships with customer groups. The Chief, Communications and Liaison Division, serves as national spokesperson for the IRS; establishes strategies, practices, procedures, standards and controls for planning and managing communications to IRS employees and the public; coordinates congressional communications; and maintains communications and relationships with customer groups. The Chief, Communications and Liaison Division, represents and serves as liaison from the IRS, as designated by the Commissioner or Deputy Commissioner, to other executive branch agencies, the Congress, other tax authorities and the public on communications, and legislation to facilitate their understanding of IRS activities.

8. <u>NATIONAL TAXPAYER ADVOCATE</u>. The National Taxpayer Advocate heads the Office of the Taxpayer Advocate and advises the Commissioner and Deputy Commissioner regarding avoidance and resolution of problems taxpayers encounter in dealing with IRS. The National Taxpayer Advocate is responsible for implementing the functions of the Office of the Taxpayer Advocate specified in IRC § 7803(c). The National Taxpayer Advocate reports directly to the Commissioner; supervises local taxpayer advocates nationwide; serves as national spokesperson on taxpayer advocacy matters; establishes strategies, practices, procedures, standards and controls for activities to mitigate taxpayer problems; and prepares and submits to Congress annual Objectives and Activities reports. The National Taxpayer Advocate represents the IRS, as designated by the Commissioner or Deputy Commissioner, to other executive branch agencies, the Congress, other tax authorities, and the public on the above subjects and on major cross-functional issues related to taxpayer interests and concerns.

9. <u>CHIEF INFORMATION OFFICER</u>. The Chief Information Officer heads the Information Systems Division and is the principal advisor to the Commissioner and

Deputy Commissioner on information technology, including strategic technology planning, data administration, technology standards, privacy assurance, and telecommunications. The Chief Information Officer is the principal IRS official with authority over and responsibility for information technology, including information systems resources, technology modernization activities, and tax systems reengineering efforts. The Chief Information Officer reports to the Office of the Commissioner of Internal Revenue.

10. CHIEF, APPEALS DIVISION. The Chief, Appeals Division, heads an independent function in conformance with Section 1001 of RRA-98, supervises the Appeals Division, advises the Commissioner on Servicewide policies and programs regarding the administrative resolution of tax disputes, and provides alternative techniques to resolve cases without litigation. The Chief, Appeals Division, directly manages Appeals' national and field programs and reports to the Office of the Commissioner of Internal Revenue.

11. NATIONAL HEADQUARTERS. The National Headquarters consists of the following organizations reporting to the Office of the Commissioner of Internal Revenue: Senior Counselor to the Commissioner; Equal Employment Opportunity and Diversity; Chief Financial Officer; Commissioner's Complaint Processing and Analysis Group; Research, Analysis, and Statistics of Income; Office of Tax Administration Coordination; and Strategic Human Resources.

a. The Senior Counselor reports to the Commissioner of Internal Revenue and has direct supervisory responsibility for the Office of the Director of Practice, including oversight and control of its policy decisions. A manager within the Office of the Senior Counselor has independent oversight and control over all individual Director of Practice cases.

b. The Chief, EEO and Diversity and Chief Financial Officer report to the Deputy Commissioner of Internal Revenue.

c. The Commissioner's Complaint Processing and Analysis Group; Research, Analysis and Statistics of Income; Office of Tax Administration Coordination; and Strategic Human Resources report to the Assistant Deputy Commissioner.

12. COMMISSIONER, WAGE AND INVESTMENT DIVISION. The Commissioner, Wage and Investment (W&I) Division, is responsible for supervising the activities of the Wage and Investment Division, which serves over 100 million individual taxpayers, including those who file jointly, with wage and investment income only. This official is responsible for the entire range of tax administration activities that pertain to this group of taxpayers, ranging from educating and assisting these taxpayers in all interactions with the IRS to developing and implementing compliance strategies best suited to W&I taxpayers. The Commissioner, Wage and Investment Division reports to the Office of the Commissioner of Internal Revenue.

13. COMMISSIONER, SMALL BUSINESS AND SELF-EMPLOYED DIVISION. The Commissioner, Small Business and Self-Employed (SB/SE) Division, is responsible for

supervising the activities of the Small Business and Self-Employed Division, which serves taxpayers who own small businesses, are fully or partially self-employed, file estate and gift tax returns, file fiduciary returns, or report foreign source income or deductions. This official is responsible for the entire range of tax administration activities that pertain to this group of taxpayers, from developing targeted educational materials which assist taxpayers in fulfilling their tax obligations to developing and implementing compliance strategies best suited to SB/SE taxpayers. The Commissioner, Small Business and Self-Employed Division reports to the Office of the Commissioner of Internal Revenue.

14. <u>COMMISSIONER, LARGE AND MID-SIZE BUSINESS DIVISION</u>. The Commissioner, Large and Mid-Size Business (LMSB) Division, is responsible for supervising the activities of the Large and Mid-Size Business Division, which serves large and mid-size business taxpayers, including corporations with assets over $5 million. This official is responsible for the entire range of tax administration activities that pertain to this group of taxpayers, from developing targeted educational materials which assist taxpayers in fulfilling their tax obligations to developing and implementing compliance strategies best suited to LMSB taxpayers. The Commissioner, Large and Mid-Size Division reports to the Office of the Commissioner of Internal Revenue.

15. <u>COMMISSIONER, TAX EXEMPT AND GOVERNMENT ENTITIES DIVISION</u>. The Commissioner, Tax Exempt and Government Entities (TE/GE) Division, is responsible for supervising the activities of the Tax Exempt and Government Entities Division, which serves the tax exempt sector including pension plans, exempt organizations and governmental entities. This official is responsible for the entire range of tax administration activities that pertain to this group of taxpayers, from developing targeted educational materials which assist taxpayers in fulfilling their tax obligations to developing and implementing compliance strategies best suited to TE/GE taxpayers. The Commissioner, Tax Exempt and Government Entities reports to the Office of the Commissioner of Internal Revenue.

16. <u>CHIEF, AGENCY-WIDE SHARED SERVICES DIVISION</u>. The Chief, Agency-Wide Shared Services Division, is responsible for supervising the division that provides support, agencywide, for common administrative services such as personnel, facilities, and procurement. The Chief, Agency-Wide Shared Services Division reports to the Office of the Commissioner of Internal Revenue.

17. <u>CHIEF, CRIMINAL INVESTIGATION DIVISION</u>. The Chief, Criminal Investigation Division, is responsible for supervising the division that investigates potential criminal violations of the Internal Revenue Code and related financial crimes and enforces the criminal statutes relative to tax administration in a manner that fosters confidence in the tax system and compliance with the law. The Chief, Criminal Investigation Division reports to the Office of the Commissioner of Internal Revenue.

18. <u>CANCELLATIONS</u>. Treasury Order 150-01, "Regional and District Offices of the Internal Revenue Service," dated September 28, 1995, is canceled. Treasury Order 150-02, "Establishment of Certain Offices in the National Office of the Internal Revenue Service," dated January 11, 1994, is superseded.


/S/
Paul H. O'Neill
Secretary of the Treasury


Attachment:  <u>Organizational Chart</u>



INTERNAL REVENUE SERVICE

1/ Chief Counsel reports to both the Commissioner and
the General Counsel in circumstances specified by the
Internal Revenue Service Restructuring and Reform Act of
1998.

Approved _____
Secretary of the Treasury

March 09, 200_
Date