UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
DAN R. CORNELL                )
                              )
        Plaintiff,            )
                              )
     v.                       )     Civil Action No. 06-1924 (GK)
                              )
RUSSELL D. KELLNER, et al.,   )
                              )
        Defendants.           )
_____)
```

**MEMORANDUM OPINION**

Plaintiff Dan R. Cornell, an Arizona resident, proceeding pro se, brings this action against Russell Kellner and Gerald Carter, Revenue Officers for the Internal Revenue Service ("IRS"), and "4 or 5 John Doe" federal employees[1] (collectively, "Defendants"), alleging various causes of action under the Fifth Amendment and other statutes.[2] This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [**Dkt. No. 4**]. Upon consideration of the Motion, Opposition, Reply, and the entire

---

[1] Plaintiff identifies some of the individual Defendants solely as "4 or 5 John Does." Compl. Caption.

[2] The Complaint appears to allege that Defendants' actions were taken in both their official and individual capacities. In his Response to Defendants' Motion to Dismiss Complaint, Plaintiff clarifies that he actually is suing Defendants only in their individual capacities. A government official may be sued in his or her individual capacity for violation of an individual's constitutional rights. Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

record herein, and for the reasons stated below, Defendants' Motion to Dismiss is **granted**.

I. **BACKGROUND**[3]

Plaintiff contends that because he is not a "taxpayer," Defendants violated the Fifth Amendment by sending him letters "inviting him to volunteer payment of federal taxes." Plaintiff further alleges that because he is not a "taxpayer," Defendants' actions in filing "Notices of Levy" and garnishing his bank account and insurance policy for failure to pay taxes also violated the Fifth Amendment.[4]

On December 7, 2005 and January 6, 2006, the IRS levied Plaintiff's bank account for unpaid taxes accrued in 1998 and 1999. On January 17, 2006, the IRS levied Plaintiff's insurance account for the same unpaid taxes from 1998 and 1999. Defendant Nelson was the revenue officer for these three transactions. On June 1, 2006, Defendants removed Plaintiff's car from his home. According to Plaintiff, Defendant Kellner informed Plaintiff that he would

---

[3] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. See In re Baan Co. Securities Litigation, 245 F. Supp. 117, 124-25(D.D.C. 2003). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

[4] Plaintiff claims that Defendants' actions violated various statutory and constitutional provisions. Plaintiff's Complaint states that he is bringing this claim "pursuant to Article III Section 2 of the U.S. Constitution, the Fourth and Fifth Articles of the Bill of Rights, and the Sovereign Immunities Act." Compl. 2.

return it for a "ransom" of $6,713.14. Compl. ¶ 29. Plaintiff alleges that in each of these transactions, Defendants were acting outside the scope of their authority as revenue officers. Plaintiff further claims that Defendants used "bogus documents without certification" to illegally seize his property for their personal use. Compl. ¶¶ 4, 10.

## II. STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over each defendant. Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990). In order to satisfy this burden, a plaintiff must establish the Court's jurisdiction over each defendant through specific allegations in his complaint. Kopff v. Battaglia, 425 F. Supp. 2d 76, 80-81 (D.D.C. 2006). Additionally, the plaintiff cannot rely on conclusory allegations; rather, he must allege specific facts on which personal jurisdiction is based. First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988)(emphasis added).

Courts in this jurisdiction must liberally construe pleadings submitted by a pro se party. See United States v. Palmer, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972), for the proposition that the allegations of a pro se litigant, "however inartfully pleaded," are subject to "less stringent standards than formal pleadings drafted by lawyers").

However, there are limits to the latitude a court must afford pro se parties. A court may not, for instance, permit pro se litigants to disregard the Federal Rules of Civil Procedure. United States. v. Funds From Prudential Sec., 362 F. Supp. 2d 75, 82 (D.D.C. 2005). Nor may a court entertain "what[ever] claims a [pro se litigant] may or may not want to assert" without an adequate jurisdictional basis. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

**III. ANALYSIS**

**A. Plaintiff Has Failed to Establish that Assertion of Personal Jurisdiction over the Defendants Would Meet the Requirements of Constitutional Due Process**[5]

Plaintiff has brought this action against government officials operating in their individual capacities.[6] Because Bivens suits are suits brought against government officials in their individual, rather than their official capacities, "personal jurisdiction is necessary to maintain a Bivens claim." Robertson v. Merola, 895 F.

---

[5] Since the Court lacks personal jurisdiction over Defendants, it is unnecessary to address Defendants' other arguments for dismissal.

[6] As explained in footnote 2, Plaintiff's Complaint appears to assert claims against Defendants in both their official and individual capacities. However, in his Opposition to Defendants' Motion to Dismiss, Plaintiff stated that he brings this action against Defendants only in their individual capacities. Even were the Court to construe the Complaint as alleging claims against Defendants in their official capacity, dismissal of the Complaint still would be warranted in this case due to failure to properly serve the United States. See Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F. 2d. 804, 307 n.17 (D.C. Cir. 1975); Hodge v. Rostker, 501 F. Supp. 332 (D.D.C. 1980).

Supp. 1, 3 (D.D.C. 1995)(citing Delgado v. Bureau of Prisons, 727 F. Supp 24 (D.D.C. 1989); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978)).

Our Court of Appeals has set forth a two-part inquiry for establishing personal jurisdiction over a non-resident defendant.[7] First, a court must "examine whether jurisdiction is applicable under the state's long-arm statute," and second, "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).

The District of Columbia's long-arm statute, D.C. Code § 13-423 (2007), provides, in relevant part,

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> > (1) transacting any business in the District of Columbia;

---

[7] Plaintiff's Complaint states that Defendants are residents of the District of Columbia (Comp. ¶ 1), but offers no evidence to support this assertion. In their Motion to Dismiss Complaint, Defendants declare that they reside in Arizona. Defs.' Mot. to Dismiss Compl. at 7. Under District of Columbia law, personal jurisdiction can be satisfied either by demonstrating that the court has general jurisdiction over a resident pursuant to D.C. Code § 13-422, or that the court has personal jurisdiction over a non-resident pursuant to the District of Columbia long-arm statute, D.C. Code § 13-423. Plaintiff has offered no evidence that Defendants reside in the District of Columbia or maintain their principal place of business here. Accordingly, this Court does not have general jurisdiction over Defendants.

>      (2)   contracting to supply services in the District
>            of Columbia;
>
>      (3)   causing tortious injury in the District of
>            Columbia by an act or omission in the District
>            of Columbia;
>
>      (4)   causing tortious injury in the District of
>            Columbia by an act or omission outside the
>            District of Columbia if he regularly does or
>            solicits business, engages in any other
>            persistent course of conduct, or derives
>            substantial revenue from goods used or
>            consumed, or services rendered, in the
>            District of Columbia.

In the instant case it is undisputed that personal service was not made on Defendants in the District of Columbia. Indeed, the Complaint concedes that Defendants were served in Arizona. Compl. ¶ 8. Nor does Plaintiff allege that his claim for relief arises from Defendant's transaction of business in the District of Columbia. Likewise, Plaintiff has offered no evidence that Defendants committed even a single act within the District of Columbia that has any nexus to Plaintiff's cause of action, or caused tortious injury in the District of Columbia by an act or omission made outside it.

The only contact Plaintiff alleges Defendants have with this forum is their employment with the IRS, which is headquartered in the District of Columbia.[8] However, this contact is insufficient

---

[8] Plaintiff also lists the Department of Agriculture as a party to this case, but makes no allegation linking the Department of Agriculture in any way to this proceeding. Plaintiff lists
(continued...)

to support assertion of personal jurisdiction under the District of Columbia long-arm statute. The Court may not assert jurisdiction over an individual defendant solely based on actions taken pursuant to his employment. <u>Islamic Am. Relief Agency v. Unidentified FBI Agents</u>, 394 F. Supp. 2d 34, 58 (D.D.C. 2005). See <u>Keeton v. Hustler Mag., Inc.</u>, 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"). Indeed, it is well-settled that "personal jurisdiction over employees of an agency must be based on their individual contacts with the forum, and cannot be based on the agency's contacts with the forum." <u>Islamic Am. Relief Agency</u>, 394 F. Supp. 2d at 58.

Thus, the presence of the IRS's headquarters in the District of Columbia alone is insufficient to confer personal jurisdiction over IRS employees who are Arizona residents.[9] Where, as here,

---

[8](...continued)
Defendants as employees of the "U.S. Agriculture Department Through the Implied Authority of the Internal Revenue Service." Compl. Caption. Furthermore, Plaintiff states that Defendants are "'employees' of the U.S. Department of Agriculture, by and through its agent or transferee, the Internal Revenue Service." Compl. ¶ 8. This statement is simply incorrect. Defendants are employees of the IRS, not of the Department of Agriculture. Defs.' Mot. to Dismiss at 3 n.2.

[9] Plaintiff cites 28 U.S.C. §1330(a) and 28 U.S.C. §1603(a) and (b) (statutes governing this Court's jurisdiction to hear claims against foreign states) to further support his contention that this Court has personal jurisdiction over Defendants. These statutes are inapplicable to the instant case because Defendants are not agents of a foreign state.

Plaintiff has alleged no other contacts with this forum, it would, therefore, violate the fundamental requirements of due process for this Court to exercise personal jurisdiction over Defendants[10] and the Complaint must be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons Defendants' Motion to Dismiss Complaint [**Dkt. No. 4**] is **granted**.

An Order shall accompany this Memorandum Opinion.

```
                                       /s/
March 25, 2008                         Gladys Kessler
                                       United States District Judge
```

**Copies to: Attorneys of record via ECF and**

**Dan R. Cornell**
**5330 West Tonto Road**
**Glendale, AZ 85308**

---

[10] Since Plaintiff has failed to meet the District of Columbia's long-arm statute requirements, it is unnecessary to address the second part of the Court of Appeal's personal jurisdiction test.